UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OMNIPLEX COMMUNICATIONS GROUP L.L.C., | ) ) | Case No. 01-42079-399 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| ------------------------------- | ) | |
| | ) | |
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 4:06CV856 HEA |
| | ) | |
| OCG COMMUNICATIONS, LLC, et al., | ) ) | |
| | ) | |
| Appellees. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on General Electric Capital Corporation's (GECC) appeal of the Bankruptcy Court's findings of fact in an Order entered on March 31, 2006. Appellant contends that jurisdiction over this appeal is proper under 28 U.S.C. § 158(a)(1). Appellees contend that the Court lacks jurisdiction and have therefore filed Motions to Dismiss, [Doc. No.'s 20 and 24].

## Issue Presented on Appeal

GECC has presented the following issue for this Court's consideration:

Whether the Bankruptcy Court erred in making certain findings of fact in its order denying GECC's motion to reopen the bankruptcy case of Debtor, Omniplex Communications Group L.L.C., which findings went beyond the issues presented by GECC's motion to reopen.[1]

## Factual Background[2]

Debtor Omniplex filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2001. Appellant is an unsecured creditor of the Debtor. On March 26, 2002, the Debtor and the Official Unsecured Creditors Committee for the Debtor jointly filed a First Amended Plan of Reorganization and a First Amended Disclosure Statement thereon.

Under Section 8.5 of the Plan, the Debtor anticipated selling a cause of action against Lucent Technologies. This claim and a second cause of action against Global Crossing were collectively valued at $60,000. The proposed Plan also disclosed that the Lucent Claim would be sold to a group of insiders for $1,000 plus

---

[1] Originally, Appellant sought review of the Bankruptcy Court's Order denying the Motion to Reopen. Appellant has dismissed its appeal seeking a determination of whether the Bankruptcy Court abused its discretion when it refused to reopen the Debtor's Chapter 11 bankruptcy estate. Appellant advises the Court that it "does not dispute the Bankruptcy Court's ultimate conclusion that reopening was not warranted."

[2] This statement of facts is taken from Appellant's Brief and the supporting references to the Bankruptcy Record as contained therein.

10% of any award, adjusted for all expenses, up to a maximum of $300,000. The insiders would, in turn, finance the litigation against Lucent. These were the only terms of the potential sale that were disclosed in the Plan and Disclosure Statement.

Through the Plan, the Plan Committee was formed and vested with the exclusive rights to prosecute and defend the Debtor's claims and causes of action, which included the Lucent Claim to the extent it was not sold. The Plan Committee, represented by Debtor's Bankruptcy counsel, subsequently filed and commenced an action against Lucent in the state court. In the state court complaint, the Plan Committee alleged damages in excess of $40 million against Lucent. Neither were disclosed to the Bankruptcy Court or creditors.

The potential purchasing entity, OSC, one of the Appellants herein, which was formed January, 2003, purchased the Lucent Claim from the Plan Committee on October 31, 2005. OSC was substituted as the plaintiff in the state court action, and amended the claim of damages to $52.7 million. The Debtor's former bankruptcy counsel continued in the role as counsel to the plaintiff, OSC. It is believed that OSC's owners and officers include former shareholders and/or insiders of the Debtor or its affiliates. One day after OSC replaced the Plan Committee as plaintiff in the Lucent Action, OSC moved to dismiss the lawsuit pursuant to a settlement under which OSC was reported to recover $50 million. No distributions have been

made to the unsecured creditors from any settlement of the Lucent claim.

On January 16, 2006, the reorganized Debtor, OCG, brought a lender liability action against Appellant for $75 million (plus punitive damages) in Missouri State Court.

On February 10, 2006, the Plan Committee filed its motion in the Bankruptcy Court to reopen the Debtors' bankruptcy case for the purpose of pursuing a determination of whether the GECC Action was valuable to the estate and should be administered by the Plan Committee.

Appellant filed a separate motion to reopen the bankruptcy case seeking to, *inter alia*, determine the propriety of the actions of the Plan Committee and others; investigate the circumstances surrounding the underestimation of the Lucent Claim; and bar the GECC Action on the basis of *res judicata*, collateral estoppel and other defenses.

A hearing on the Motions to Reopen was held on March 15, 2006. Following the hearing, the Bankruptcy Court denied the Motions to Reopen. On March 31, 2006 the Bankruptcy Court entered a written order memorializing the ruling. In this Order, the Court made certain findings of fact which are the subject of Appellant's appeal.

**<u>Discussion</u>**

This appeal is brought pursuant to 28 U.S.C. § 158(a)(1), which provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals
    (1) from final judgments orders and decrees [of bankruptcy courts].

Appellant does not now contend that the Bankruptcy Court erred in denying the motion to reopen the Chapter 11 case. Rather, Appellant asserts that the Bankruptcy Court went beyond what Appellant asked in its motion to reopen by including findings of fact in the Order denying the motion. Appellant asks this Court to excise those findings from the Order, even though Appellant does not dispute the Order's conclusion. Appellees, to the contrary, contend that because Appellant is not appealing the decision, there is no "final order" from which Appellant appeals; that there is no "case or controversy" before this Court, and therefore this Court lacks jurisdiction. Accordingly, Appellees contend that no party in interest, and no party in this appeal, has contested the validity of the Bankruptcy Court's Order, and no justiciable controversy exists for this Court to resolve.

Thus, as a threshold matter, this Court must determine whether a justiciable controversy exists for this Court to resolve. The Constitution requires that Article III Courts adjudicate only live cases or controversies. See U.S. Const., Art. III, § 2, cl.

1. Article III limits the federal courts to deciding "Cases" and "Controversies" and thus prohibits the Court from issuing advisory opinions. *Pub. Water Supply Dist. No. 8 v. City of Kearney,* 401 F.3d 930, 932 (8th Cir.2005). "One kind of advisory opinion is an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotations and citations omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (unanimous decision) (internal quotations and citations omitted). "Ripeness requires a court to evaluate 'both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' *Id.* at 300-01, 118 S.Ct. 1257 (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967))." *KCCP Trust v. City of North Kansas City,* 432 F.3d 897, 899 (8th Cir. 2005).

Appellant argues that, although it does not believe the Bankruptcy Court's findings have any *res judicata* effect, it nonetheless is entitled to have this Court consider whether the Bankruptcy Court's findings in its Order were included in the Order erroneously. Appellant takes this position in spite of its recognition that there was no error in the denial of the motion to reopen. Appellant seeks this Court's

review of the findings because these findings "have the potential to adversely impact GECC's rights in subsequent litigation with other parties connected to the present dispute."

The basis upon which Appellant brings this appeal is a "potentially" adverse impact on Appellant's unarticulated "rights" in *subsequent* litigation with parties not currently before this Court. This nebulous position cannot support Appellant's burden of establishing that the appeal is one from a "final order" which presents a "case or controversy" for this Court to determine. Appellant cannot direct the Court to any injury it has incurred because of the Bankruptcy Court's findings of fact. It cannot establish any effect, at the time of the entry of the Bankruptcy Court Order or even at this time, that the findings have on any pending litigation involving Appellant. In fact, Appellant forthrightly states that it does not believe the findings which were included in the Bankruptcy Order will ever have any *res judicata* effect in subsequent suits. There is simply nothing before this Court for it to adjudicate.

## **Conclusion**

Evaluating the fitness of the issues for judicial decision, the Court finds that there are no ascertainable issues which present a case or controversy for judicial determination. Furthermore, the matter as stated by Appellant presents no current

hardship to the parties as a result of withholding court consideration.  As such, the Court lacks jurisdiction and the Motions to Dismiss are well taken.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss for Lack of Jurisdiction, [Doc. No.'s 20 and 244] are granted.

**IT IS FURTHER ORDERED** that this appeal is dismissed.

Dated this 26th day of January, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE